OPINION of the Court, by
Judge Cr ark_
In this case the appellees have the elder legal title, on which they entirely rest their claim to the land in question.
It will be only necessary to inquire whether the entry under which the appellants claim can be supported. They claim under an entry made the 17th day of October 1780, in the name of Richard Harrison, for 560 acres, on Nolin creek, below and adjoining an entry of 500 acres made for William Barrett, on the lower side, to be bounded bv the barrens, running down both sides for quantity. William, Barrett’s entry was made the 17th day oí June 1780, and palls to adjoin Robert Todd’s first entry on Nolin creek on the lower end, to be bounded by the edge of the barrens and to extend down the creek on both sides for quantity. Robert Todd’s entry was made the 17th day of June 1780, on .the barrens of Green river on Nolin creek, a branch of Buffalo creek, Green river, beginning about a half mile below a large blue spring, rising in the creek where there is a high red bank on the north west side, and opposite to which on the other side of the branch are trees marked with I. K. R. B. and R. T, to be bounded by the edge of the barrens and to extend up the said creek for quantity. Thjs spring, though identified, does not appear to have acquired any degree of notori, ety when Todd’s entry was made, or that under which the appellants derive their claim : so that if the entry of Harrison can be supported, it must be upon the sufficiency of the general descriptive calls. We are not warranted -from -the testimony in believing that'Buffalo creek, or Nolin, which in the entry is said to be a branch of Buffalo, at the date of Todd’s entry, or the one tm-4* r which the appellants claim, had acquired anv de *350 gree of notoriety. All the witnesses speak of Noli» from the year 1781, except one, who says he was acquainted with it in the fall 178Q, Unless Nolin had been pretty generally known by that name at the date of these entries, a subsequent inquirer would have been much embarrassed in ascertaining the land intended to have been appropriated. Nolin is represented in Todd’s entry as being a branch of Buffalo creek. It is not proven that this watercourse, below the junction of the north or Nolin fork and the south or Buffalo fork, was, prior to June 1780, ever called or known as Buffalo creek, except by Todd and his company ; but if this stream, below the junction of the north and south fork, at that time bore the name of Buffalo creek, yet as it is not proven that the Nolin fork had acquired any degree of notoriety, the description is equally defective : for we cannot, in the absence of proof, presume that a stream,, so small as the south or Nolm fork is represented to be, had acquired any.
It was contended that the circuit court should have decreed against the defendant Friend, against whom the bill had been taken for confessed. It is a general rule in suits at law, that if one defendant plead to the whole-cause of action, and the other suffers judgment to go by default,, if a verdict be in favor of the plea, judgment shall be entered for both defendants. From analogy the rule must be the same in chancery. The sufficiency of the complainant’s claim was put in issue by the answer of one of the defendants, who holds under the same claim with Friend. Their equity being defective, the court did right in dismissing the bill as to all the defendants. — —Decree affirmed.